AMERICAN RUBBER COMPANY, Appellant, v. J. H. WILSON, Defendant; T. W. CUNNINGHAM, Interpleader and Respondent.

Kansas City Court of Appeals, January 8, 1894.

1. **Usury:** WHO MAY TAKE ADVANTAGE OF STATUTE: ATTACHMENT CREDITOR. The defense of usury is a personal privilege of the debtor, his privies in representation, in blood, or in estate, as his vendee, execution creditor, or, as in this case, his attachment creditor who may defend against his debtor's mortgage on the ground that it secures usury, as provided in section 2, page 171, Laws, 1891:

*Appeal from the Jasper Circuit Court.*—HON. W. M. ROBINSON, Judge.

REVERSED AND REMANDED.

*Fred. Basom* for appellant.

(1) The only question presented by the appeal in this case, is a construction of the act of 1891, statute governing usury and the validity of liens or mortgages upon personal property. I contend that the court erred in his findings of law in favor of the interpleader and against the plaintiff. (2) If the mortgage set up by the interpleader was invalid and illegal and the statute declares it so to be, it could convey no title whatever to the property therein described; and in Georgia, in the case of *McLaren v. Clark,* reported in 7 S. E. Rep., p. 250, the court holds that whether a deed infected with usury be made under the act of 1871 (code of Georgia, 1966), or under the general law, it is equally void as to title and cannot have the effect as an equitable mortgage, because no title passes. *Trust Company v. Burton,* 74 Wis. 329; 43 N. W. Rep.

141; *Brooks v. Todd,* 4 S. E. Rep. (Ga.) 156; *Meyer v. Cook,* 85 Ala. 417.

*C. H. Montgomery* and *H. C. Lowrance* for respondent.

(1) The defense of usury is personal to the debtor. It cannot be urged by anyone but the mortgagor or his privies in blood, estate or contract. A subsequent incumbrancer or purchaser cannot set it up. *Ready v. Huebner,* 46 Wis. 692; *Bensley v. Homier,* 42 Wis. 631; *Darst v. Bates,* 95 Ill. 493; *Safford v. Vail,* 22 Ill. 327; *Bank v. Bank,* 14 N. E. Rep. 859; *Sellers v. Botsford,* 11 Mich. 59; *Baskins v. Calhoun,* 45 Ala. 582; *Fenno v. Syre,* 3 Ala. 458; *McGuire v. Van Pelt,* 55 Ala. 344; *Butts v. Broughton,* 72. Ala. 294. Nor by mortgagor's wife claiming under a subsequent voluntary conveyance. *Cain v. Cimon,* 36 Ala. 168; *Sav. Inst. v. Copeland,* 32 N. W. Rep. (Iowa) 95; *Bonnell's appeal,* 11 Pa. App. 211; *Bank v. Bingham,* 50 Vt. 105; *Cramer v. Lepper,* 26 Ohio St. 59; *Smith v. Bank,* 26 Ohio St. 141; *Studabaker v. Marquardt,* 55 Ind. 341; *Pritchett v. Mitchell,* 17 Kan. 355; *Fullerton v. McCurdy,* 4 Lans. (N. Y.) 132; *Carmichael v. Bodfish,* 32 Iowa 418; *Loomis v. Eaton,* 32 Conn. 550; *Anstin v. Chittenden,* 33 Vt. 553. Usury in a mortgage cannot be taken advantage of by a judgment creditor of the mortgagor. *Mason v. Pierce,* 31 N. E. Rep. (Ill). 503; *Lee v. Feamster,* 21 W. Va. 108; s. c., 45 Am. Rep. 549; *Reed v. Eastman,* 50 Vt. 67; *Adams v. Robertson,* 37 Ill. 45. An indorser of a note cannot avail himself of the usurious interest paid by the maker. *Bank v. Sinclair,* 60 N. H. 100; *Stewart v. Bramhall,* 18 N. Y. 139; *Cadys v. Goodnow,* 49 Vt. 400; New York, Delaware, Arkansas, Virginia, Oregon and many other states have for years had statutes

similar to Laws of Missouri, 1891, p. 170. *Kelley v. Sprague*, 13 N. Y. S. 64; 58 Hun, 611; *Railroad v. Kason*, 37 N. Y. 218; *Dix v. Van Wyck*, 2 Hill, (N. Y.) 522; *Bullard v. Raynerd*, 30 N. Y. 197; *Billington v. Wagner*, 33 N. Y. 31; *Williams v. Tilt*, 36 N. Y. 319; *Bank v. Edwards*, 1 Barb. (N. Y.) 271; *Spengler v. Snapp*, 5 Leigh. (Va.) 478.

ELLISON, J.—Plaintiff brought this suit by attachment and levied upon a lot of personal property as being the property of defendant. The interpleader herein claimed the property under a chattel mortgage executed prior to the levy of the attachment. On a trial before the court without a jury, between the interpleader and the plaintiff, the interpleader was successful, and plaintiff brings the case here.

It was admitted that interpleader, as mortgagee, had exacted usurious interest which was included in the mortgage. The court gave the following declarations of law, to which plaintiff excepted:

"1. The court finds as a matter of law that, although it is admitted that the mortgage to T. W. Cunningham, interpleader, contains usury and would be illegal and invalid as between the parties, yet the defense of usury is a personal right and cannot be taken advantage of by the plaintiff in this action, The American Rubber Company.

"2. The court finds, as a matter of law, that the plaintiff in this action, The American Rubber Company, not being a party to the mortgage in which the interpleader claims the goods therein described, although it is admitted that said mortgage contains usury, yet an attaching creditor, as is the plaintiff, under the law, is not permitted to make the defense of usury against said mortgage, as said mortgage is valid, except as to the parties thereto."

The question for our determination is the correctness of these declarations, which involves a construction of the following provision of a late statute: "In actions for the enforcement of liens upon personal property pledged or mortgaged to secure indebtedness, or to maintain or secure possession of property so pledged or mortgaged, or in any other case when the validity of such lien is drawn in question, proof upon the trial that the party holding or claiming to hold any such lien has received or exacted usurious interest for such indebtedness shall render any mortgage or pledge of personal property, or any lien whatsoever thereon given to secure such indebtedness, invalid and illegal." Laws, 1891, sec. 2, p. 171.

There is no doubt of the correctness of the court's position in declaring that the defense of usury is the personal privilege of the debtor, which he may waive, and that it is not available to third parties. But, while this is the general rule, there are certain exceptions or qualifications to it which are recognized by the law. One who is privy in representation, as the executor, or in blood, as the heir, may invoke the plea of usury. These instances are readily recognized as exceptions. They are, however, not the only exceptions. The privy in estate is another. Thus the vendee of the mortgagor (if he has not contracted or accepted his conveyance in recognition of the mortgage) may set up usury against the mortgagee. Jones on Mortgages, secs. 644, 1493; *Sands v. Church*, 2 Selden, 347; *Maher v. Lanfrom*, 86 Ill. 513; *Bank v. Bank*, 123 Ill. 510; *Loyd v. Scott*, 4 Peters, 205, 230; *Green v. Kemp*, 13 Mass. 575; *Jackson v. Dominick*, 14 Johns. 435; *Merchants' Exchange Bank v. Com. Warehouse*, 49 N. Y. 642; *Trumbo v. Blizzard*, 6 Gill. & J. 18; *Brolasky v. Miller*, 1 Stock. 807; *Pinnell v. Boyd*, 33 N. J. Eq. 600. If this were not so; if it was beyond the power

of the vendee to assail the usurious mortgage when attacked by it, the mortgagor would practically be disabled from selling the property, except by ratification of the usury.

A purchaser at a sheriff's sale is considered as such vendee with such privileges. *Pinnell v. Boyd; Brolasky v. Miller, supra; Carow v. Kelly*, 59 Barb. 239; Jones on Mortgages, secs. 644, 1493.

If a purchaser from the vendor, either by voluntary or involuntary sale, is considered in such legal privity with the vendor as to be permitted to set up usury against the mortgagee, it should logically follow that an attachment or execution creditor, who has seized the property and who is but beginning the process necessary to an ultimate conveyance of the mortgagor's title to the property, ought to be allowed to show that his assailant's pretended title is founded upon an invalid and illegal instrument when attacked by such instrument with the purpose of taking the property from him. We are not without direct authority on the question. *Dix v. Van Wyck*, 2 Hill, 522; *Post v. Dart*, 8 Paige, 639; *Carow v. Kelley, supra; Brolasky v. Miller, supra; Bank v. Bell*, 14 Ohio St. 200, 210; *Banks v. McClellan*, 24 Md. 83; *Coulter v. Selby*, 39 Pa. St. 361; *Pope v. Solomons*, 36 Ga. 541; *Lilienthal v. Champion*, 58 Ga. 158. It is decided in these cases that an execution creditor is considered, for this puspose, as standing in such legal privity with the mortgagor as to empower him to interpose usury to the destruction of the instrument which secures the usury. It is true that an execution creditor has been denied this right. See *Bensley v. Hornier*, 42 Wis. 631, and *Lee v. Feamster*, 21 W. Va. 108. But it is doubtful if such would be the decision, even in those jurisdictions in a case like the one at bar, under a statute like ours. I, therefore,

can see no season why an attachment creditor is not entitled to the same privilege as an execution creditor. It was pointedly so decided in *Stien v. Swenson,* 44 Minn. 218. He is not merely a general creditor of the mortgagor, but he has so far connected himself with him as to have laid hold of his property with the process of the court issued at his instance, and he is entitled to have out of it all of the interest which the mortgagor may have had in it at the time of the levy of the writ; and such interest, by reason of the statute, is not affected by the usurious mortgage. It is readily conceded that a mere stranger cannot interpose this illegality of the mortgagee's title, as for instance, as is illustrated in *Brolasky v. Miller, supra,* where "A. mortgages land to B. upon a usurious contract for one hundred pounds, and, before the day of payment, B., the mortgagee, is ousted by C., against whom B. brings an action. C. cannot plead the statute of usury, for he hath no title. For his estate is void against the mortgagor." "But a person who, like an execution creditor, asserts a lien upon the property is not a stranger, within the meaning of the rule" as applicable to usury. *Carow v. Kelly,* 59 Barb. 239.

What effect any act of the mortgagor, taken before the attachment waiving the usury, would have on the question, is not involved here.

The judgment is reversed and the cause remanded. All concur.