J. G. JOHNSON, Respondent, v. ALBERT SIMMONS *et al.*, Appellants.

St. Louis Court of Appeals, March 12, 1895.

1. **Chattel Mortgage:** USURY: PLEADING. The plaintiff in an action of replevin for mortgaged chattels need not plead usury, in order to avail himself of the provisions of the act of 1891 on that subject.

---

Johnson v. Simmons.

---

2. ——: ——: BONA FIDE PURCHASER. *Held,* in the course of discussion, that usury can not be invoked to invalidate a chattel mortgage under that act, when the rights of an innocent purchaser for value have intervened, whether before or after foreclosure.

3. **Law and Fact:** REJECTION OF UNCONTRADICTED TESTIMONY OF INTERESTED PARTIES. *Held,* in the course of discussion, that the trier of the facts is at liberty to find against the party having the burden of proof, when his evidence, though uncontradicted, consists only of the testimony of parties in interest.

4. **Chattel Mortgages:** EFFECT OF TENDER OF MORTGAGE DEBT. The tender of a mortgage debt before entry into the possession of mortgaged chattels by the mortgagee invalidates his right of entry; and such tender is available for that purpose, though made before the maturity of the debt, if the mortgagee is at the time seeking to exercise an existing right of possession under the mortgage.

5. **Practice, Appellate:** ASSIGNMENT OF ERRORS INCONSISTENT WITH PRIOR COURSE OF APPELLANT. An appellant can not in this court assume a position which is inconsistent with that taken by him in the trial court. Accordingly, he can not complain of the joinder of a party made at his own instance.

6. ——: MISJOINDER OF PARTIES. Nor can a claim of the misjoinder of parties be made for the first time in this court.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

*B. R. Martin* and *Lane & Walker* for appellants.

*L. H. Musgrave* and *Rufus V. Bowden* for respondent.

BOND, J.—Plaintiff brought an action of replevin for certain mortgaged property, on the ground that the mortgage was rendered void by the exaction of usurious interest on the debt secured thereby. The suit was begun before a justice against defendant Simmons, at whose instance defendant Humeston was made a party defendant. After two changes of venue, plaintiff had judgment before a justice for the property or its value, from which an appeal was taken to the circuit court

where the issues were submitted to the judge without a jury, who found them in favor of plaintiff. From a judgment on this finding defendants appealed. At the conclusion of the trial defendants requested a declaration of law, to the effect that under the pleadings and evidence plaintiff could not recover, which was refused by the court. No other requests were offered by either party, nor any declarations given of the court's motion.

On the trial in the circuit court it was admitted by plaintiff that his right of action depended upon the question, whether or not the mortgage to defendant Humeston was illegal on account of usury exacted for the indebtedness covered by it.

The first point urged for reversal of this case is based upon the foregoing admission, appellants insisting that it was error in the trial court to admit evidence of usury, since that issue was not tendered in plaintiff's statement. This position is untenable under the terms of the Act of 1891. By the second section of that act it is provided, "In actions * * * to maintain or secure possession of property so pledged or mortgaged * * * proof upon the trial that the party holding or claiming to hold any such lien has received or exacted usurious interest for such indebtedness shall render any mortgage or pledge of personal property, * * * invalid and illegal." Acts of 1891, page 170. In a possessory action brought under this act it is not necessary to plead usury. It is sufficient if proof of that fact is made on the trial. The plain terms of the act permitting this to be done are a complete refutation of the position of appellants on this point. Aside from the language of the act in question, it might well be held that the issues presented by an action of replevin are sufficiently broad to embrace a finding thereunder that a mortgage on the property replevied is illegal and void, for it is the well settled law that under the general issue

to such an action the defendant is permitted to prove that plaintiff's title was acquired by fraud. *Young v. Glascock*, 79 Mo. 574; *Pugh v. Williamson*, 61 Mo. App. 165.

The next point of the appellants is that there is no evidence of usury in the mortgage transaction. It is not the province of appellate courts to weigh the evidence in actions at law. It is sufficient if there is any substantial evidence to support the finding, when it is attacked as being unsupported by the evidence. In this case the testimony of the plaintiff is positive that the $25 note was exacted when he gave the mortgage to defendant Humeston, because the latter said he "couldn't loan for straight eight per cent. interest." It also appears from the testimony of witness Baker that this defendant admitted that he had included $10 extra in the mortgage indebtedness. Besides, the fact of his taking the note for $25 is inexplicable under this record upon any other theory than that it was to cover interest above the lawful rate mentioned in the $200 note and mortgage. It follows that appellants' second point can not be sustained.

Appellants urge thirdly: "That, if the evidence in this case tended to show any usury on the $200 note," still the foreclosure of the mortgage given to secure it was equivalent to a payment, and respondent could not thereafter replevy the property. That respondent would be debarred from exercising any rights accruing to him as mortgagor under the statute, *supra*, as against the intervening rights of innocent third parties before or after foreclosure, is clear. There was, however, evidence in this case tending to show that no real foreclosure of the mortgage ever took place. This was fairly inferable from the unsatisfactory statements on that subject by both of the defendants, and from the showing that the mortgagee, subsequently to the alleged

foreclosure, sold the mortgaged property, and from the fact that both of the witnesses testifying thereto are parties in interest to the record. The burden of proving a foreclosure in good faith was upon defendants, and, even if the testimony adduced for that purpose had been uncontradicted, the trier of the fact was at liberty to find against it on the score of interest. Rapalje on The Law of Witnesses, section 186. That the circuit judge, sitting as a jury, found against the evidence of defendants as to the alleged foreclosure is apparent. As he was justified in so doing from the intrinsic infirmity of the evidence, as well as the fact of interest in the witnesses, there is no merit in the third assignment of error.

The fourth point made by appellants is that the defendant held the mortgaged property as assignee of a prior mortgage, which was free from usury, and upon which $4.75 was unpaid when it was transferred. A complete answer to this position is found in the testimony of appellant Humeston, who states that prior to his taking possession of the mules (mortgaged property) under either mortgage, and when he was about to do so because of a certain stipulation authorizing the taking of possession before the maturity of the debt secured, he received a tender by plaintiff of said amount remaining unpaid on the prior mortgage. This tender before the maturity of the debt secured in that mortgage, and before possession of the property had been taken, was a complete divestiture of title under said mortgage in the property in the party to whom the tender was made. Jones on Chattel Mortgages, section 634. By availing himself of the right to take possession before the debt fell due, the mortgagee or his assignee gave the mortgagor the right to pay the debt, or tender payment thereof, and keep the property. *Rice v. Kahn*, 70 Wis. 323.

As to the fifth assignment of error that appellant Humeston was not a proper party defendant, it need only be said that the record shows he was made defendant upon motion of his codefendant who can not, therefore, complain, as parties are not allowed to assume contradictory positions in a cause. It is equally clear that Humeston can not complain for the first time in this court of a misjoinder as to himself. He made no such objection in the lower court on the trial. He took a change of venue when the case was pending before the justice, and thereafter engaged in all the trials as a party defendant without objection in the lower courts. He is, therefore, precluded from raising the point of a defect of parties as to himself in this court. *Ames v. Gilmore*, 59 Mo. *loc. cit.* 542.

Neither is there any merit in the sixth point made by appellants, that there is no evidence as to the value of the plows or halter which are embraced in the list of property, adjudged by the court to be of the aggregate value of $100. Defendant Humeston testified that this was the value of said property, excluding the plows and halter. It was shown by other evidence to be worth more at the time of the trial. Defendants could not, therefore, have been prejudiced at a valuation taken by the court from their own testimony. Besides, the proper method to bring this point up for review, was to interpose a specific objection therefor in the court below, and to continue it in the motion for new trial, neither of which was done in this case.

The two remaining points urged by appellants have been disposed of in what has been said. Finding no reversible error in the trial of this cause, the judgment herein will be affirmed. All concur.