CORNELIUS J. VOORHIS, Appellant, v. PATRICK M. STAED *et al.*, Respondents.

St. Louis Court of Appeals, November 12, 1895.

1. **Chattel Mortgages:** EFFECT OF USURY. A mortgage, which is invalid under the act of April 21, 1891, for the reservation of usurious interest on the debt secured by it, is void *ab initio* as to the mortgagee.

2. ———: ———: RIGHT OF ATTACHING CREDITOR OF MORTGAGOR TO INVOKE DEFENSE. A creditor of the mortgagor, who has attached the mortgaged property, may invoke such usury as a defense to an action by the mortgagee for the enforcement of the mortgage.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

*R. M. Nichols* for appellant.

*R. P. Williams* for respondents.

BOND, J.—On December 16, 1892, Tony Betting executed a mortgage to the plaintiff upon certain personal property to secure the payment of two notes for

$50 and $62.50 respectively, one maturing in thirty and the other in sixty days. This mortgage was duly recorded. The first note was paid at its maturity. On the seventh of February, 1893, the defendant, the Simmons Hardware Company, attached the mortgaged property in a suit against the mortgagor. Under this writ the defendant sheriff levied upon and sold the mortgaged property. Plaintiff instituted the present action against the said defendants to recover as for a conversion of the property mortgaged to him. The answer of the Simmons Hardware Company is a general denial and a plea of usury. The answer of the sheriff admitted his seizure and sale of the property under the writ, and denied the other allegations of the petition.

On the trial, which was had by the court without a jury, there was evidence tending to sustain the allegations of plaintiff's petition as to his title to the property under the mortgage, and that notice of his claim as mortgagee was given to the sheriff about noon of the day of sale. A check for $112.50 drawn by plaintiff to the order of "Tony Betting," and indorsed by the latter and also by plaintiff, was introduced in evidence on behalf of plaintiff. Defendants, to support their plea of usury, introduced in evidence the note for $62.50, made as above stated and indorsed without recourse by plaintiff and claimed by him to be still due and unpaid; also a book of plaintiff's dealings shown to have been kept by him, wherein the following entries appeared: "Loan, Tony Betting, 2 M., $112.50. Credit discount, Betting, $12.50." Plaintiff stated, while being interrogated as a witnesss for defendants, that the above item of $112.50 represented the two notes given by Betting and secured in the mortgage, and that this item was "charged to the loan." Being recalled in his own behalf, he testified in a general way that the $12.50 item

of the above entry was charged by him because he assumed all the expenses connected with the acknowledgment, the recording of the mortgage, the investigation of the title and the insurance of the property; that the $12.50 was paid to him by Tony Betting after they returned from the bank whither plaintiff had gone to identify Betting and enable him to cash the $112.50 check. On cross-examination plaintiff admitted his book only showed two disbursements by him on the mortgage account, to wit, fifty cents to a notary and seventy-five cents to a recorder. He also stated that the first column of figures on his book, in which the $112.50 stood, represented debits "to loan account;" that the second column in which the $12.50 appeared, showed credits carried to discount; and that the third column, whereon $1.25 (notary and recorder's fee) was placed, was a debit "to mortgage account."

Plaintiff requested the court to declare that, under the pleadings and evidence, he was entitled to a verdict; this the court refused to do and rendered judgment for defendants, from which plaintiff appealed to this court.

The only point saved for review is the sufficiency of the evidence to sustain the verdict and judgment in favor of respondents. There can be no question that the foregoing facts furnished substantial evidence that the $12.50 returned to plaintiff by Betting at the time of the loan was, except $1.25 paid the notary and recorder, usurious interest received by plaintiff, and was included in the notes given for $50 and $62.50 respectively by the mortgagor. We can not, therefore, disturb the judgment of the trial court for the insufficiency of the evidence.

Appellant, however, claims that, conceding that the reception of usury by the mortgagee was shown in the evidence, still respondents can not avail themselves

of the legal effect of such evidence because the levy of the writ of attachment, though made before the maturity of the mortgage and while the possession under its terms remained in the mortgagor, operated *per se* as a breach of the condition of the instrument, whereupon absolute title accrued to the mortgagee and no leviable interest remained for seizure under the writ. There is no force in this suggestion. If the mortgage in question had been valid, there is no doubt that a levy could not have been made on the effects therein described after breach of condition; but, even in that case, there would have been a leviable interest in the mortgagor which might have been seized under attachment or execution prior to a breach of condition. The proof adduced on the trial of this case shows that the present mortgage was invalid and illegal by reason of the reception of usurious interest for the indebtedness secured in the mortgage. To hold, then, as contended by appellant, that the invalidity of the mortgage dated only from the time of making proof to that effect, and did not relate back to the time when the act was done which constituted its invalidity and illegality, would be giving the statute a construction not to be upheld by any course of reasoning. Laws of 1891, page 171, section 2. The section of the statute under consideration is, to wit:

"In actions for the enforcement of liens upon personal property pledged or mortgaged to secure indebtedness, or to maintain or secure possession of property so pledged or mortgaged, or in any other case when the validity of such lien is drawn in question, proof upon the trial that the party holding or claiming to hold any such lien has received or exacted usurious interest for such indebtedness shall render any mortgage or pledge of personal property, or any lien what-

soever thereon given to secure such indebtedness, invalid and illegal.''

The purpose of this enactment was to destroy the lien of the mortgagee or pledgee of personal property if it was proved, on the trial of an action for possession of the property pledged or mortgaged, that the mortgage or pledge was taken to secure an indebtedness on which usurious interest had been received or exacted. The ground of the power of the court under this act to declare a lien of the instrument or pledge invalid and illegal is the fact that usurious interest was received or exacted. The judgment of the court in so declaring can not be rendered until after proof upon a trial of the antecedent reception of usury, but the effect of the judgment is coextensive with its cause; hence it is retrospective and renders the mortgage or pledge invalid and illegal from the date when the usurious interest was received or exacted, and not merely from the date of the trial and the adduction of evidence ascertaining the prior fact of usury. Appellant is, therefore, in error in his conception of the meaning of the statute, *supra*.

It is next insisted that the respondents were not in such privity with the mortgagor as to entitle them to interpose the defense of usury. This point has been directly adjudged in an opinion of the Kansas City court of appeals, where the distinction is well drawn in favor of the right of creditors of a debtor to plead usury in actions brought by them to enforce a specific right to property belonging to their debtor, which is incumbered to secure a usurious debt. It is there held that an attaching creditor may make this defense against a creditor of the common debtor, who seeks to defeat the attachment by a specific lien infected with usury, and, under the phraseology of the statute, there can be no doubt on that question. *American Rubber*

*Company v. Wilson*, 55 Mo. App. 656. The finding of the trial court in favor of the plea of usury warranted its judgment in declaring the mortgage, to enforce which this suit is brought, invalid and illegal. *Johnson v. Simmons*, 61 Mo. App. 395.

There being no reversible error in the judgment in this cause, it will be affirmed. All concur.