M. L. COLEMAN *et al.*, Appellants, v. EUGENE M. COLE, Defendant; AURORA STATE BANK by E. J. WHITE, Assignee, Respondent.

St. Louis Court of Appeals, March 9, 1897; Motion for Rehearing Overruled.

**Attachment:** INTERPLEA: MORTGAGE SECURING USURIOUS INTEREST, COMPETENCY OF PROOF OF. In attachment, where a chattel mortgage executed by defendant, securing the payment of usurious interest, was interpleaded, and the defendant had not waived his right to make the defense of usury, plaintiffs as his attaching creditors had the right to make that defense against the enforcement of the mortgage; and the exclusion of proof tendered by plaintiffs to show that the interest thus secured was usurious, was error.

*Appeal from the Lawrence Circuit Court.*—HON. J. C. LAMSON, Judge.

REVERSED AND REMANDED.

*Cloud & Davies* and *H. H. Bloss* for appellants.

The court erred in excluding the evidence offered by appellants tending to show that interpleader had exacted usurious interest on the notes secured by the chattel mortgage. *Fidelity Loan & G. Co. v. Baker*, 54 Mo. App. 79; Tied. on Com. Paper, sec. 196, p. 323.

Plaintiffs being attachment creditors of defendant had the right to defend against the chattel mortgage given by defendant on the ground that it contained usury. Sess. Laws 1891, sec. 2, p. 171; *Rubber Co. v. Cunningham*, 55 Mo. App. 65; *Voorhis v. Staed*, 63 *Id.* 370. See, also, *Botsford*, 2 Conn. 276; *Moore v. Johnson*, 34 W. Va. 672; *Jones v. Holcombe*, 60 Ga. 665; *Weimer v. Shelton*, 7 Mo. 238; 27 Am. & Eng. Ency. Law [1 Ed.], 967, and citations in note p. 968; *Knox v. Williams*, 24 Neb. 630; *Cowels v. Canfield*, 52 N. W. Rep. 135; *Widdefield v. Ins. Co.*, 3 Ohio, 157; Tied. on Com. Paper, sec. 196, p. 325, and citations.

It will not avail respondents to say that because the principal obligors were dropped and Cole and Wickwire alone signed the mortgage note that appellants could not defend on the ground of usury. *Kendall v. Crouch*, 11 S. W. Rep. (Ky.) 587; *Robbins v. Muldraw*, 39 Kan. 112.

A note given in payment of a note that is void for usury is also void (*Orvis v. Curtis* (C. P.), 12 Misc. 434; 67 N. Y. 363; 33 N. Y. Supp. 589), and when it is shown that the obligation in suit was given as a substitute or renewal of a usurious one, the presumption arises that the taint entered into it. 27 Am. &

Eng. Ency. Law [1 Ed.], 968; *Stanley v. Whitney*, 47 Barb. 586.

*French & Whitney* and *E. J. White* for respondents.

Appellant is but the attaching creditor of a guarantor, whose principal debtor had paid usury, if any was paid, and as this relation would not entitle defendant to make the defense, the plaintiff can not claim it for him. *Burnham v. Gosnell*, 47 Mo. App. 637; *Stagg v. Linnenfelser*, 59 Mo. 336. See, also, *Parmerlee v. Williams*, 71 Mo. 410; *Graham v. Ringo*, 67 *Id.* 324; *Prior v. Kiso*, 81 Mo. 249; *Osborne v. Lawson*, 26 Mo. App. 549.

In many states the defense of usury is personal to the debtor only. *Butts v. Broughton*, 72 Ala. 294; *Sellers v. Bottsford*, 11 Mich. 59; *Darst v. Bates*, 95 Ill. 493; *Ready v. Huebner*, 46 Wis. 692; *Saving Inst. v. Copeland*, 32 N. W. Rep. 95; *Bonnell's Appeal*, 11 Pa. App. 211; *Cramer v. Lepper*, 26 Ohio St. 59; *Lee v. Feamster*, 21 W. Va. 108; *Pritchett v. Mitchell*, 17 Kan. 355; *Talford v. Kurl*, 71 Md. 397; *Keller v. Beaty*, 80 Ga. 815.

In this state the defense has only been recognized in favor of the debtor and his privies and attaching creditors, and there is a conflict between the two appellate courts and the supreme court as to whether the defense should even be extended to an attaching creditor. *Rubber Co. v. Wilson*, 55 Mo. App. 656; *Voorhis v. Staed*, 63 *Id.* 370; *Hill v. Taylor*, 125 Mo. 331, at 342; *Ranson v. Hays*, 39 *Id.* 445.

But adopting even the extreme view of the courts of this state, the defense has never been recognized as existing in favor of a guarantor, or his attaching creditor. *Rubber Co. v. Wilson, supra; Parmerlee v. Williams*, 71 Mo. 410; Big. on Estop. [2 Ed.], p.

75. See, also, as to relation between guarantor and principal, etc., *Pritchard v. Hitchcock*, 6 M. & G. 151; 6 Scott, N. R. 851, cited in Big. on Estop., *supra; Samuel v. Withers*, 16 Mo. 532, at 541; *Burrows v. Zepp*, 69 Tex. 474; *McKnight v. Wheeler*, 6 Hill, 492; *Osborne v. Lawson*, 26 Mo. App. 549; *Bank v. Sinclair*, 6 N. H. 100; *Stewart v. Bramhall*, 18 N. Y. 139; *Cadys v. Goodnow*, 49 Vt. 400; Brandt on Sur. & Guar., sec. 81, pp. 109, 110.

A renewal of a usurious note for only a legal rate of interest will amount to a waiver of the defense. *Coffman v. Miller*, 26 Gratt. 698; *Taylor v. Norris*, 22 N. J. Eq. 606; *Collier v. Saule*, 19 S. W. Rep. —; *Aiken v. Bank*, 16 *Id.* 747; *Barnes v. Headley*, 2 Taunt. 184; *Wright v. Wheeler*, 1 Camp. 165; *Gray v. Fowler*, 1 H. Bl. 462; *Phillips v. Bldg. Ass'n*, 53 Iowa, 719; *Campbell v. Sloan*, 62 Pa. St. 481; Tied. on Com. Pap., sec. 196, pp. 325, 326; *Craig v. Butler*, 9 Mich. 21.

BOND, J.—On the twenty-fourth of August, 1893, plaintiffs sued defendant on an account for $601.84, attaching in said account a mining plant, known as the Davie Mining and Development Company's plant. The Aurora State Bank, by its assignee, interpleaded for the attached property, claiming it under a mortgage executed by the defendant. Plaintiff's answer to the interplea set up the fraudulent character of the mortgage, and that it was given to secure a usurious debt. Upon these issues there was a verdict for the interpleader, which plaintiffs seek to reverse by this appeal.

On the trial the interpleader introduced in evidence a contract obligating E. M. Cole and N. L. Wickwire to pay it $1,350, thirty days after date of March 26, 1893, which contract recited the deposit as collateral security of two notes, dated February 23, 1893, and March 31, 1893, for $1,000, and $350, respectively,

signed by R. L. McElhaney, president, and N. L. Wickwire, secretary. The contract also recited the execution of a chattel mortgage as a further security for its performance. The interpleader introduced a copy of said mortgage which covered the property attached in this case, and was executed on the twenty-seventh of May, 1893. The two notes deposited as collateral security for said contract bore an indorsement and guaranty of payment, signed by the makers and by defendant Cole. The one for $1,000 was a renewal note for another given for the same amount on the twenty-fourth of October, 1892, to which defendant was not a party. Plaintiffs offered to show that the original $1,000 note was given to secure usurious interest, which the court refused to allow. Plaintiffs did show that the contract evidencing defendant's agreement to pay $1,350 was made in settlement of the two collateral notes deposited to secure it, and plaintiffs offered to show that the $350 collateral note was also given to secure usurious interest, which offer the court refused. The connection of defendant with these transactions grew out of a contract between him and the Davie Mining and Development Company, a corporation, of which the makers of said notes were officers, and which contract was made on the nineteenth day of November, 1892, and obligated defendant to erect a concentrating plant for said corporation for the sum of $6,000, and a monthly salary as superintendent of $150, to be paid out of the net profits of the plant after its erection, the contract providing that the plant and all of its appurtenances should belong to defendant until the price agreed upon was paid. There was evidence tending to show that when the loan of $350 evidenced by one of the collateral notes, was effected, that the money was used by the defendant in paying freight bills for lumber purchased to carry out his contract of construction.

Conceding the position taken by the counsel for respondent that the debtor may waive the defense of usury and that if he pays a usurious note he can not recover by action the excess over the legal rate of interest, we fail to see its pertinency to the facts shown by this record. The defendant was a joint maker of the contract to pay $1,350 to the interpleader, which was secured by the mortgage adduced on the trial. The amount which defendant thus agreed to pay was the sum of two other notes, whose payment he had guarantied. Upon default of the makers of said notes, he was primarily liable therefor. *Osborn & Co. v. Lawson*, 26 Mo. App. 549.

Plaintiff offered to prove that usurious interest was charged upon the notes so guarantied. Defendant's guaranty did not deprive him of the right to make the defense of usury to said notes had suit been brought thereon. Neither did his subsequent contract to pay the amount of both of them deprive him of the right to such defense. There is not a particle of evidence in this record that defendant has in any way waived his right to defend a suit upon his own note secured by the mortgage in interpleader's favor, for usury. Unless the defendant is precluded from making the defense of usury, the plaintiff, as his attaching creditor, is entitled to make such defense in a proceeding brought for the enforcement of the mortgage in question under the second section of the act of 1891. Laws of 1891, p. 171; *American Rubber Co. v. Wilson*, 55 Mo. App. 656; *Voorhis v. Staed*, 63 Mo. App. 370; *Johnson v. Simmons*, 61 Mo. App. 395. The broad language of the statute renders the lien of a mortgagee or pledgee of personal property invalid and illegal, if it is shown on the trial, had for the enforcement of such lien, that the party "holding or claiming" it has received or exacted usuri-

*Margin note:* ATTACHMENT: interplea: mortgage securing usurious interest, competency of proof of.

ous interest for the indebtedness secured. In the present action there was a tender of proof on the trial that the interpleader had received usurious interest for the indebtedness secured by the chattel mortgage sought to be enforced in this action. It nowhere appearing that the defendant had waived his right to make the defense of usury, the plaintiffs, as his attaching creditors, stood in his shoes in that respect and could make that defense against the enforcement of the mortgage to interpleaders. For the error of the trial judge in excluding such testimony the judgment will be reversed and the cause remanded. All concur.