D. H. TOLMAN, Respondent, v. UNION CASUALTY & SURETY COMPANY, Appellant.

### St. Louis Court of Appeals, November 19, 1901.

1. **Usury, Statutes Against:** CONTRACT, CONSTRUCTION OF: USURIOUS LOAN: VOID CONTRACT. In the case at bar the contract is examined and held to be one executed for the purpose of making and securing a usurious loan, and was void from the first.

2. ———: ———: ———. And the contract is nothing more than a shift or ruse to evade the statutes against usury.

3. **Mortgage of Wages:** ASSIGNMENT IN NATURE OF MORTGAGES. Wages can be mortgaged, and assignments of wages in the nature of mortgages can be made where there is a present subsisting contract out of which the wages are expected to arise.

Appeal from St. Louis City Circuit Court.—*Hon. John A. Talty,* Judge.

REVERSED.

### STATEMENT OF THE CASE.

This action was on the following instrument:

"Articles of agreement, made and entered into this tenth day of June, A. D. 1898, by and between D. H. Tolman, party of the first part, and Milton R. Andrews, of 1606 N. Jefferson ave., St. Louis, party of the second part, witnesseth:

Tolman v. Union Casualty & Surety Co.

"That said party of the second part hereby sells, assigns and transfers to said party of the first part for the sum of $140 and other good and valuable considerations, the receipt of which is hereby acknowledged, any and all of his salary, which amounts to $125 per month and becomes due and payable on the following dates, to-wit:" (Here follow twenty-four installments of sixty-two dollars and fifty cents each, beginning July 1, 1898, to June 15, 1899.)

"Said party of the first part hereby appoints said party of the second part his attorney in fact to collect the said salary, when it shall become due, on the days and dates above specified, from Union Casualty & Surety Company, the conditions of said power of attorney being that said party of the second part shall turn over to said party of the first part the amount of money designated after each and every date, on or before the expiration of one day after said date. On the failure of said party of the second part to turn over to said party of the first part said money as provided, the said power of attorney to collect said salary shall become null and void, and all of the money to be paid to said party of the first part shall become due and payable at once, and the said party of the first part shall collect all of the said salary of the party of the second part from said employers, and shall apply the same to the liquidation of the obligations due from the said party of the second part to said party of the first part until the total amount collected and retained by said party of the first part shall amount to $140, together with an attorney fee aggregating twenty-five per cent of the amount due said party of the first part from the said party of the second part at the time of filing a certified copy with the employers of the said party of the second part, as liquidated damages and to cover the expense of said party of the first part in collecting said salary or wages.

"And it is further mutually agreed to by and between

the parties of this contract that in case the said party of the second part shall at any time before the full amount of $140 has been received by said party of the first part, for any reason leave or discontinue in the employ of said present employers, the assignment of the salary or wages of the said party of the second part shall extend and apply to any and all positions hereafter held or occupied by said party of the second part for a period of ten years from and after this date, and the said party of the first part is hereby authorized to collect the salary of said party of the second part from any and all persons by whom said party of the second part may be employed during said ten years, until the amount collected and retained by the party of the first part shall amount to $140.

"The said party of the second part hereby instructs his present employers, or any other person, firm, co-partnership, company, corporation, organization or official by whom he may hereafter be employed, to, on presentation of a copy of this contract, duly verified any time before the expiration of ten years from the date hereof, pay to the order of the said party of the first part, for value received, the amount designated as due in the affidavit filed with the verified copy of this contract, with interest at six per cent per annum from the date hereof, out of any money due him as salary, wages or commission, or to become due after the presentation to said employer of a verified copy of this contract. The said party of the second part hereby irrevocably waives all exemptions or other rights he may have by reason of any law of any state in which he is now or may hereafter be employed or live, and orders such payment out of the first money to become due him.

"Said party of the second part further agrees not to collect, or attempt to collect, any part of any salary, wages or commission due him from any employer after a verified copy of this contract has been filed with said employer, until the

amount due said party of the first part or his assigns or representative, has been paid in full.

"It is further mutually agreed by and between the parties to this contract that when the amount due said party of the first part from said party of the second part, as shown by this contract, has been paid in full, this contract shall become null and void, and of no further effect.

"In witness whereof, the said parties to this contract have hereunto set their hands and seals on the day and year first above written.

"Signed and sealed in the presence of

"D. H. TOLMAN,

"J. OLIVER, Att'y (Seal.)

"MILTON R. ANDREWS."

Tolman served appellant company with notice of this assignment, October 20, 1898. Andrews borrowed about eighty-three dollars from Tolman and paid him back about fourteen. This action was begun by Tolman before a justice of the peace to recover one hundred and fifty dollars from the defendant, for wages earned by Andrews, which plaintiff claims he was entitled to by virtue of the foregoing contract. The defense was that the instrument sued on was to secure a usurious loan.

*W. H. Cocke* for appellant

The court erred in finding for the respondent, because the evidence showed that the so-called assignment was a mere cloak for a usurious contract and that it was nothing more nor less than a security for the payment of a loan made by respondent to Andrews at a usurious rate of interest, and as such it was in violation of section 3710, chapter 40, Revised Statutes of Missouri, and void *ab initio*. Akers v. Davis, 73

Mo. App. 531; Fidelity Loan & Guarantee Co. v. Baker, 54 Mo. App. 79; 3 Parsons on Contracts, 117, 118, 119; State ex rel. v. Stockton, 74 Mo. App. 477; Stem v. Swenson, 4 Minn. 360; Sylvester v. Swan, 5 Allen (Mass.), 134; Cooper v. Douglas, 44 Barbour 409; American Rubber Co. v. Wilson, 55 Mo. App. 656; Voorhis v. Staed, 63 Mo. App. 370; Drennan v. Dallincourt, 56 Mo. App. 128; Smith v. Moore, 64 Mo. App. 39.

*Bishop & Cobbs* for respondent.

(1) An assignment of wages to be earned under an existing contract of employment is valid and is binding upon the employer from the time of service of notice of the same. Leahy v. Dugdale, 27 Mo. 439; 34 Mo. 100, and 41 Mo. 518; Adler v. Railroad, 92 Mo. 244; St. Andrews v. Mauchang Mfg. Co., 134 Mass. 42; Shilling v. Mulle, 55 Minn. 122 (56 N. W. 586). (2) A definite contract as to the duration of the employment is not essential to the validity of an assignment of wages to be earned during such employment. Kane v. Clough, 36 Mich. 436 (24 Am. Rept. 599). (3) Usury can be predicated only of a loan, and has no application to the purchase of a chose in action. State v. Boatman's Savings Institution, 48 Mo. 189; Hill v. Taylor, 125 Mo. 331; Struther v. Drexiel, 122 U. S. 487.

GOODE, J.—We have no doubt that the agreement between Tolman and Andrews was for the purpose of making and securing a usurious loan. Andrews swears to this and he is not contradicted unless the instrument itself contradicts him. We think it corroborates him and was nothing more than a shift or ruse to evade the statutes against usury—one of the thousand protean forms which such evasions assume. The proviso that Tolman might collect the salary and apply

the same to the liquidation of the obligations due from Andrews to him, hardly permits any other interpretation. If this is true, it was, of course, void from the first. Fidelity Loan Guar. Co. v. Baker, 54 Mo. App. 79; Voorhis v. Staed, 63 Mo. App. 370; Davis v. Akers, 73 Mo. App. 531.

The courts have too often denounced such contrivances for it to be necessary to descant on the subject.

Respondent insists that an assignment of wages is not a pledge or chattel mortgage within the meaning of the statute declaring liens on personal property, given by pledge or mortgage to secure usurious debts, invalid. R. S. 1899, sec. 7310. His position, which he cites cases to support, is that it is a defeasible assignment of a chose in action. But that is merely another name for a chattel mortgage. The cases cited do not support him, as they merely hold it is not such a mortgage on personal property as need be recorded. If a chose in action can be assigned by way of sale, it can likewise be assigned by way of mortgage, which is nothing more nor less than a defeasible sale. Whatever can be sold, can also be mortgaged. Lawrence v. McKenzie, 58 Ia. 440; Jones v. Webster, 48 Ala. 112; Dorsey v. Hall, 76 Neb. 465; Kimball v. Satley, 55 Vt. 285. If respondent's position were correct, he would have no title to the salary in question, because the instrument relied on could not pass it. Mortgages of wages, or assignments in the nature of mortgages, when there was a present subsisting contract out of which the wages were expected to arise, have been sustained. Tripp v. Brownell, 12 Cushing 376; Low v. Pew, 106 Mass., 347.

We deem it unnecessary to go into the question whether such instruments are valid if not usurious; for we are clear the present one is tainted with usury and void by force of the statutes.

The judgment is reversed. All concur.