LESLIE L.  LYONS, Receiver, Respondent, v. P. B. SMITH, Appellant.

Kansas City Court of Appeals, March 27, 1905.

1. RECEIVERS: Creditors: Usury: Tender of Debt.  A receiver represents the creditors and the debtors, being trustee for all having an interest in the fund, and he may maintain an action to release the fund from a lien of a usurious mortgage without offering to pay the sum secured.

2. ———: ———: ———: Statute.  The statute makes invalid at the instance of borrower or creditor a mortgage marked with the vice of usury; and the usurious creditor cannot predicate rights upon a lien that never existed.

3. Equity: Penalty: Usury: Legislative Power.  Interest is the creature of statute and peculiarly under the control of the Legislature, and for equity to impose conditions practically refusing to enforce a penalty for usury is equivalent to an invasion of the rights of a co-ordinate branch of government.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

AFFIRMED.

*W. B. Yoder, H. H. McCluer, O. E. Robinson* for appellant.

(1) This is a suit purely in equity instituted for the purpose of having the chattel mortgage canceled and the only effect of the above section is to determine a rule by which the validity or invalidity of the mortgage may be determined. (2) The question as to whether or not the plaintiff must refund to the defendant, the amount admitted to have been received in order to obtain a decree, is not so much one of pleading as of performance. Whether the amount actually received is tended back in the petition or not, relief can only be granted by a decree, by the terms of which, the payment is required to be made. Kline v. Vogel, 90 Mo. 239; Adler v. Corl, 155 Mo. 149-154; Rutherform v. Williams, 42 Mo. 18-35; Snyder v. Middle States Co., 52 W. V. 655; Fry v. Piersol, 166 Mo. 429. (3) The courts have always held that any defense or any rights that could be asserted by defendants against the original parties, could be asserted against a receiver; that a stream can never rise above its source. Cox v. Volkert, 86 Mo. 505-511; Hatch v. Johnson, L. & T. Co., 79 Fed. 828; Bank v. Peck, 29 Conn. 384; Bank v. Church, 29 Conn. 137; Ins. Co. v. Conn. 384; Bank v. Church, 29th Conn. 137; Ins. Co. v. Swigert, 135 Ill. 150; Bell v. Shibbley, 33 Barb. (N. Y.) 610.

*Leslie J. Lyons* receiver; *J. T. Clayton* representing creditors.

(1) The note was usurious. Judd v. Bank, 81 Mo. 404, 410; Cox v. Cox, 91 Mo. 71; Benne v. Schuecks, 100 Mo. 250, l. c. 257; Lewis v. Lenhordt, 127 Mo. 271, l.

c., 280; Attaway v. Bank, 15 Mo. App. 587; Ford v. Phillips, 83 Mo. 523, l. c., 528. The authorities are so numerous in support of the above that we will not attempt to multiply them. (2) Was a tender of three hundred and sixty dollars necessary? The respondent is an officer of the court. He is acting for all the creditors of the defunct engraving company. He was not a party to the original transaction. Therefore, acting as he is for all the creditors he will not be held to a strict compliance with the equity maxim "that he who seeks equity must do equity." Alexander v. Relfe, 74 Mo. 495, l. c. 516. (3) The funds and property were already in the hands of the court. Respondent is an officer of the circuit court. He took possession of and sold the property under orders of the court. It would have been an idle ceremony to have required the respondent to pay three hundred and sixty dollars into the circuit court, when the funds were already in the possession of an officer of the same court. (4) If the note was usurious, then the mortgage was void *ab initio* and no tender was necessary. Voorhis v. Staed, 63 Mo. App. 370, 374. (5) To require a tender of the amount due would destroy the effect of the statute.

JOHNSON, J.—On December 18th, 1903, Fred B. Thompson, H. F. Slaughter and J. F. E. Ruhlman, partners doing business in Kansas City under the firm name of the Thompson-Slaughter-Ruhlman Engraving Company, executed and delivered to defendant their negotiable promissory note for four hundred dollars, due one month after date, bearing interest from date at the rate of eight per cent per annum. At the same time, for the purpose of securing the payment of the note, they also executed and delivered to defendant a chattel mortgage covering their partnership property. They were in financial straits and shortly afterwards, February 27th, 1904, at the suit of one of the partners, plaintiff was ap-

pointed receiver of their property and assets by the circiut court of Jackson county.

No part of the debt evidenced by the note given defendant was paid and plaintiff made the claim, denied by defendant, that usurious interest had been exacted by defendant and paid by the makers of the note.   Plaintiff and defendant thereupon entered into a written stipulation in which it was provided, "that said receiver may proceed to sell and dispose of said plant and property of said engraving company under proper order of court, and that said receiver hold the proceeds of said sale, or so much thereof as is necessary to pay said mortgage and the accrued interest, until such time as the validity of said mortgage may be judicially determined.   Said suit to be brought by receiver in thirty days from date," etc.

Under order of court plaintiff brought this action within the time provided in the stipulation.   The object of the suit is to free the proceeds of the mortgaged property now held by plaintiff from the claim made to them by defendant under the mortgage lien.   The issue of fact presented under the pleadings is the exaction and payment of usurious interest at the time of the execution of the note and mortgage.   The learned trial judge decided this question in favor of plaintiff, held the mortgage invalid and that defendant had no claim thereunder upon the funds in plaintiff's custody.   Defendant appealed.

It appears from the evidence the makers of the note applied to defendant for a loan of four hundred dollars which they desired to borrow for one month, and offered a mortgage upon their property as security.   Defendant agreed to make the loan and the papers were drawn and executed.   The witnesses introduced by plaintiff— the three mortgagors—testified that defendant gave them but three hundred and sixty dollars, retaining the remaining forty dollars as a bonus for making the loan, and that when the note matured defendant, as a condition to extending the time of payment for another month,

demanded forty dollars more. This demand was acceded to and a check given defendant by the mortgagors for the amount. Payment of this check, however, was refused by the bank upon which it was drawn because of lack of funds.

Defendant testifying for himself denied exacting or receiving any usurious interest and claimed to have given the mortgagors, when the loan was made, the full sum of four hundred dollars. Also, he denied exacting forty dollars as a bonus for extending the time of payment, and said that the check given him for that amount was to be applied as a payment upon the note. Two other witnesses were introduced to corroborate his statements.

Without burdening this opinion with the recital of the various discrepencies and contradictions to be found in defendant's evidence, we will say that it does not bear close inspection and fails to impress us. The trial court rightly resolved the issues of fact in favor of plaintiff's contention. Unquestionably, defendant gave the borrowers but three hundred and sixty dollars and retained the remaining forty dollars for the use of the sum paid for one month. The transaction is tainted with usury.

But defendant says the action must fail  because plaintiff does not in the petition tender or offer to pay to defendant the amount admitted to have been given the borrowers—the three hundred and sixty dollars; that in an equitable proceeding, such as this, the maxim that, "he who seeks equity must do equity," applies to prevent a cancellation of the mortgage without repayment of the actual amount loaned; and that the receiver stands in the shoes of the borrowers, possessed of no greater rights than those enjoyed by them. The receiver represents the interests of the creditors as well as that of the partners. He is the trustee for all parties having an interest in the fund. High on Injunction, sec. 314; Alexander v. Relfe, 74 Mo. 516. Representing either class of

interested persons—creditors or partners—he may maintain this action without offering to repay the sum loaned.

Section 3710 Revised Statutes makes invalid at the instance of either the borrower or his creditors a chattel mortgage marked with the vice of usury.   Amer. Rubber Co. v. Wilson, 55 Mo. App. 656; Voorhis v. Staed, 63 Mo. App. 370; Coleman v. White, 69 Mo. App. 530; Tolman v. Surety Co., 90 Mo. App. 274; Adams v. Moody, 91 Mo. App. 41.   To give effect to the contention of defendant would be to nullify a clearly expressed legislative intent, and this cannot or should not be done in adminstration of either law or equity.   There is no equity for plaintiff to do as a condition precedent to relief.   Defendant of his own volition corrupted his security.   His mortgage is and was void *ab initio* and he cannot, as he seeks to do, predicate rights upon a lien that never existed.

The right to charge interest for the use of money is in legal contemplation a creature of legislative enactment.   It did not exist under the civil law nor in England until authorized by Act of Parliament in the reign of Henry VIII.   It therefore, is a matter peculiarly under the control of legislative power.   For courts of equity to impose conditions amounting practically to a refusal to enforce a penalty provided by statute for the infraction of usury laws requires nothing less than the invasion of the rights of a co-ordinate branch of government. Kreibohm v. Yancey, 154 Mo. 85; Adler v. Corl, 155 Mo. 149; Drennon v. Dalincourt, 56 Mo. App. 128.

Plaintiff is not endeavering to have the debt owing by the members of the partnership to defendant cancelled, nor in anywise affected.   His efforts are confined to obtaining the release of the funds in his hands from the lien asserted by defendant under his mortgage. We must hold that under the terms of Revised Statutes, section 3710, he is entitled to the relief sought.   The judgment is affirmed.   All concur.