DAVID J. HENDERSON, Respondent, v. D. H. TOLMAN et al., Appellants.

Kansas City Court of Appeals, April 6, 1908.

USURY: Assignment: Bill to Set Aside: Cause of Action. An assignment in the nature of a chattel mortgage to secure usurious interest is invalid and illegal; and a bill to set the same aside need not tender the original debt since such securities are absolutely void.

Appeal from Buchanan Circuit Court.—*Hon. Chesley A. Mosman*, Judge.

AFFIRMED.

*W. B. Brown* and *Culver & Phillip* for appellants.

(1) The petition is fatally defective, and a demurrer should have been sustained. Rutherford v. Williams, 42 Mo. 35; Haseltine v. Bank, 155 Mo. 67; Livingstone v. Burton, 43 Mo. App. 272; Adler v. Carl, 155 Mo. 154; Raines v. Scott, 13 Ohio 107; Reitz v. Foeste, 30 Wis. 693; Clark v. Finlon, 90 Ill. 245; Neurath v. Hecht, 62 Md. 221; Dunham v. Dey, 15 John (N. Y.) 555; McDaniel v. Barnum, 5 Vt. 279; 22 Enc. Plead. & Prac., 465; Bell v. Mulholland, 90 Mo. App. 620; Session, Laws Mo. 1895, p. 172. (2) Prior to the date dast mentioned an action would not lie in favor of a debtor to recover usurious interest paid. Flinn v. Bldg. Assn., 93 Mo. App. 444; Bank v. Haseltine, 155 Mo.

58; Ransom v. Hayes, 39 Mo. 445; Perrine v. Poulson, 53 Mo. 309; Kirkpatrick v. Smith, 55 Mo. 389; Murdock v. Lewis, 26 Mo. App. 234; Livingstone v. Burton, 43 Mo. App. 272; Laws Mo. 1891, page 170; R. S. 1899, sec. 3709. But this statute does not authorize a debtor to recover usurious interest paid. It simply authorizes him to apply the usurious interest paid upon the principal debt on which it was charged. Flinn v. Bldg. Assn., 93 Mo. App. 448. (3) As the borrower had no right to recover usurious interest voluntarily paid, he could not ask to have the amount of usurious interest paid by him upon one loan applied to cancel the amount due from him on another loan. Finch v. Willard, 108 Mich. 204; Mead v. Chrisfield, 1' Disnay (Ohio) 18; M'aher's Appeal, 91 Pa. St. 516; Elmer v. Krumm, 8 Ind. 25.

*James Moran* for respondent.

(1) These admissions bring the assignment under review within the provisions of section 3710, Revised Statutes 1899, which provides that any mortgage or lien upon personal property to secure an indebtedness which provides for usurious interest shall be invalid and illegal. This section has been construed often, and always held to mean that a mortgage or other contract in the nature of a mortgage upon personal property given to secure an indebtedness, which makes a reservation for usurious interest on the debt secured is void. Loan Co. v. Baker, 54 Mo. App. 79; Voorhis v. Stead, 63 Mo. App. 370; Davis v. Akers, 73 Mo. App. 531; Tolman v. Surety Co., 90 Mo. App. 274; Bell v. Mulholland, 90 Mo. App. 612; Lyons v. Smith, 111 Mo. App. 272. (2) Appellants, in their brief, contend that respondent is not entitled to equitable relief, for the reason that he has not paid or offered to pay the thirty-six dollars borrowed. This question has been decided against their contention. Lyons v. Smith, 111 Mo. App.

277. And other cases therein cited. Tolman v. Security Co., 90 Mo. App., supra, and Bell v. Mulholland, 90 Mo. App., supra. (3) Assignments, such as the one under review, when taken as security for a debt, have been declared to be chattel mortgages. Tolman v. Surety Co., 90 Mo. App. 274; Bell v. Mulholland, 90 Mo. App. 612; Davis v. Akers, 73 Mo. App. 536, *et seq.*

ELLISON, J.—This is a proceeding in equity to set aside and cancel a certain assignment of plaintiff's wages earned and to be earned from the Chicago, Burlington & Quincy Railway Company. Defendant demurred to the petition, which being overruled by the trial court, he has brought the case here.

The assignment by plaintiff of his wages was to secure money borrowed by him of defendant and should be regarded as in the nature of a chattel mortgage. The allegations of the petition show that it was executed to secure a loan of thirty-six dollars loaned at an exorbitant and usurious rate of interest theretofore paid and to be continuously paid. It is further alleged that defendants notified plaintiff's employer, the railway company, of such assignment and warned such company not to pay plaintiff his wages, but that it should recognize and honor the assignment. That said assignment was being used thus to harrass and annoy him. The prayer is that the assignment be canceled and set aside and that defendants be compelled to desist attempting to collect his wages under the assignment.

An assignment which is in the nature of a chattel mortgage made to secure usurious interest is "invalid and illegal." [Sec. 3710, R. S. 1889.] Therefore the instrument described in the petition must be considered to be illegal and, consequently, its use in diverting plaintiff's wages was an illegal use.

But the contention of defendant is that before plaintiff can have equity grant him the relief he seeks, he

must pay the original sum borrowed. We do not think that to be tenable, or that the authorities cited bear upon the question. We believe that the use of an instrument which is an impediment to the use of wages earned and which is, itself, declared to be against the policy of the law to such extent as to be condemned as illegal and which is being enforced by way of security for a promise to pay money and usury thereon, may be restrained and the instrument itself cancelled. Plaintiff is not asking to have his promise to pay back the borrowed money cancelled. He is not asking the court to rid him of the debt which he owes. He is merely asking that a separate instrument, void and illegal, which has been taken to secure not only the valid promise but also the usurious promise, be set aside. We are of the opinion that a tender of the principal sum borrowed is not necessary as a condition to having that done.

Instruments securing usurious loans have been held absolutely void at the hands of creditors of the usurious debtor and no thought entertained that a tender of the amount borrowed should be first made. [American Rubber Co. v. Wilson, 55 Mo. App. 656; Voorhis v. Staed, 63 Mo. App. 370; Lyons v. Smith, 111 Mo. App. 272.] And such security was held void when enforcement was undertaken by the mortgagee. [Tolman v. Union Casualty Co., 90 Mo. App. 274.] If the instrument is void, then it is void as a security for the principal actually loaned as well as the usurious interest.

But we consider the question was really decided by us in Hilgert v. Levin, 72 Mo. App. 48. There it was said that the amount of the loan to a pawnbroker need not be returned as a condition to a right to recover the pledge to secure it and the usurious charge. We said: "The statute enacts that if usury is exacted the pledge is 'invalid and illegal.' This is tantamount to a declaration that the property is wrongfully in the hands of the pawnbroker. There is no lien upon it. The pawnbroker

is not entitled to the possession of it.    The right of possession is in the owner without the condition of paying the amount borrowed.    If this were not so—if the property could be retained until the sum borrowed was paid, it would be making effective that which the statute says shall be non-effective.    The plaintiff owed the defendant the amount borrowed less credit of usurious interest paid.    The defendant has a claim against plaintiff for such sum, but it is an unsecured claim, and she has no right to retain the property."

We entertain no doubt of the correctness of the trial court's view and the judgment will be affirmed. All concur.