Hilgert v. Levin.

JOHN B. HILGERT, Respondent, v. R. T. LEVIN, Appellant.

Kansas City Court of Appeals, November 1, 1897.

1. **Pawnbrokers:** USURY: RELEASE OF SECURITY. Where a pawnbroker charges more than two per cent per month for money loaned he releases the security pledged for such loans and his possession thereof is illegal as against the owner.

2. ————: CONVERSION: USURY: PLEADING. Where a pawnbroker has released his lien upon his security by reason of his usury, the owner of the property is not required to tender the amount of the debt before he brings an action to recover the pledged property. And in an action for conversion, such failure to tender the debt must be availed of, if at all, by the defendant in his answer.

3. ————: SALE: THE PLEDGOR PURCHASING FROM THE PLEDGEE'S VENDEE. Where the pledgee clothed with the appearance of ownership sells to an innocent purchaser, and the pledgor purchases the chattel from such vendee, he is not estopped to maintain an action against the pledgee for illegal conversion of the chattel.

4. ————: GENERAL STATUTE: ACT OF 1891. The laws of 1891, page 170, apply to and govern pawnbrokers notwithstanding the general subject is emphasized in Revised Statutes, chapter 124, which prescribes punishment for the violation of its provisions.

*Appeal from the Buchanan Circuit Court.*—HON. T. H. PARISH, Judge.

AFFIRMED.

*Sherwood & Allen* and *Vinton Pike* for appellant.

(1) There was evidence at least tending to show that plaintiff purchased the stud of Lowenstein, to whom defendant had sold it. Such purchase was an affirmation of defendant's sale, and he can not now allege the sale was tortious. The instruction given wholly ignored this phase of the case. (2) But the act

of 1891 does not apply. That act was designed to supersede Revised Statutes, section 5976, which it repealed, but which two days later was re-enacted with a modification as to the rate of interest. Session Acts 1891, pp. 169, 170. The legislature had in mind only the subject embraced in chapter 90 of the Revised Statutes.

*Benjamin Phillip* for respondent.

(1) If she exacted or recovered interest in excess of the legal rate, two per cent per month, the transaction was usurious. Usury consists in exacting or receiving a higher rate of interest than is permitted by law. See definition "Usury," 27 Am. and Eng. Ency. of Law, 918. (2) And if the defendant exacted or received usurious interest for the loan, the pledge was absolutely void and created no lien in favor of the defendant as pledgee. Session Acts 1891, p. 171, sec. 2; *Rubber Co. v. Wilson*, 55 Mo. App. 656. As the pledge was void, it passed no title whatever in law or in equity to the defendant. *McLaren v. Clark*, 7 S. E. Rep. 250; *Trust Co. v. Burton*, 74 Wis. 329, 43 N. W. Rep. 141; *Brooks v. Todd*, 4 S. E. Rep. 156; *Meyer v. Cook*, 85 Ala. 417. (3) Even if plaintiff had purchased the property from Lowenstein to whom defendant sold it, such purchase would not amount to "affirmation of defendant's sale" nor estop the plaintiff from now alleging that the sale was tortious." Moreover the case was not tried on the theory that plaintiff had repurchased the property (even if it is material whether he did or not) and defendant did not request the court to submit any such issue to the jury. A case can not be tried below on one theory and reviewed on another theory by the appellate court. *Brooks v.*

Vol. 72 app—4

*Yocum*, 42 Mo. App. 516; *Berge v. Bock*, 44 Mo. App. 69; *Torenison v. Ellison*, 104 Mo. 105.

ELLISON, J.—This action is for the conversion of a diamond shirt stud valued at $200. Defendant is a pawnbroker and her defense is placed principally on that ground. The case shows that as such broker she loaned plaintiff $65 (defendant says $70) for thirty days and received the diamond in pledge. After the expiration of the time the loan was twice renewed. After the expiration of sixty days from the expiration of the last renewal she sold the jewel to one Lowenstein. Plaintiff tendered defendant the sum of $75, being in full of the principal and interest due defendant, and demanded the pledge. It being refused, plaintiff instituted an action of replevin against defendant which resulted adversely to him for the "reason solely," as stated in the judgment, that defendant did not have possession at the time the suit was instituted.

By reason of section 7208, Revised Statutes 1889, a pawnbroker may lawfully charge two per cent per month for a loan on articles pawned. He may likewise lawfully sell such articles sixty days after the expiration of the time of the loan. By the terms of section 2, Laws 1891, p. 171, it is declared that the exacting of usury by a chattel mortgagee or pledgee shall render the mortgage or pledge invalid and illegal. The terms of this section were enforced in the case of a chattel mortgage in *American Rubber Co. v. Wilson*, 55 Mo. App. 656. The evidence showed clearly that defendant demanded and received of plaintiff more than two per cent per month for the sum loaned. She was therefore guilty of exacting usury and the court properly held the pledge illegal.

Complaint is made of the instruction given for plaintiff. Our opinion is that the instruction is partly

PAWNBROKERS: usury: release of security.

Hilgert v. Levin.

erroneous, but that the error is against the
plaintiff.    It makes it requisite that plain-
tiff should have tendered to defendant the
amount of the loan before he was entitled to recover;
and it permitted the jury to deduct the amount of the
loan from the value of the diamond.    The statute
enacts that if usury is exacted the pledge is "invalid
and illegal."    This is tantamount to a declaration that
the property is wrongfully in the hands of the pawn-
broker.    There is no lien upon it.    The pawnbroker is
not entitled to the possession of it.    The right of pos-
session is in the owner without the condition of paying
the amount borrowed.    If this were not so—if the
property could be retained until the sum borrowed was
paid, it would be making effective that which the stat-
ute says shall be noneffective.    The plaintiff owed the
defendant the amount borrowed less credit of usurious
interest paid.    The defendant has a claim against plain-
tiff for such sum, but it is an unsecured claim, and she
has no right to retain the property.    Whether defend-
ant in an action of conversion against him in the cir-
cumstances here considered has the legal right to have
deducted the amount owing to him by plaintiff need not
be considered, since such matter is not set up in the
answer.

It is said that there was evidence tending to show
that plaintiff purchased the diamond of Lowenstein to
whom defendant had sold it and that he
confirmed or recognized the sale made by
defendant to Lowenstein.    Plaintiff could
have recognized the sale from defendant
to Lowenstein as being valid without depriving himself
of any right of action against defendant.    For since
plaintiff put defendant in possession of the diamond
and clothed him with the *indicia* or appearance of own-
ership, a sale to an innocent purchaser would be good

*Margin notes:*
——: conversion: usury: pleading.

——: sale: the pledgor purchasing from the pledgee's vendee.

against plaintiff. *Dymock v. R'y*, 54 Mo. App. 409. If Lowenstein had a good title to the property he could convey a good title. Anyone must be at full liberty to buy of him—if some are disabled from buying of him he would not have the complete right of property which attends full ownership. It follows that plaintiff could buy of Lowenstein without subjecting himself to any disability, or making it necessary to surrender any rights on that account.

But it is contended that the usury act, Laws 1891, p. 170, has no application to this case. Section 1 of that act supersedes section 5976 of the general statutes of 1889. But section 2 of that act is applicable to pawnbrokers.

*—: general statutes: act of 1891.*

It reads:

"In actions for the enforcements of liens upon personal property pledged or mortgaged to secure indebtedness, or to maintain or secure possession of property so pledged or mortgaged, or in any other case when the validity of such lien is drawn in question, proof upon the trial that the party holding or claiming to hold any such lien has received or exacted usurious interest for such indebtedness shall render any mortgage or pledge of personal property, or any lien whatsoever thereon given to secure such indebtedness, invalid and illegal."

While it is true that the general subject of pawnbrokers is embraced in chapter 124, Revised Statutes 1889, and that a punishment for a violation of the act is there prescribed, yet this does not prevent the application of another and later statute plainly enacted for the purpose of inflicting disabilities in addition to the punishment already prescribed.

What has been already said necessarily disposes of all the material objections offered by defendant to the action of the trial court. A full examination of the

record satisfies us that the verdict was for the right party and that no error was committed which affected defendant. The judgment will therefore be affirmed. All concur.