PHIL H. SHERIDAN, Respondent, v. HENRY M. POST, Appellant.

St. Louis Court of Appeals, May 25, 1909.

1. APPELLATE PRACTICE: Abstract: Record Should Be Copied, Instead of Recital of Its Contents. In an appeal on the short form, the mere recital of counsel in the abstract of the record of what was done cannot supply the omission to set out orders of record which the court must have before it, when the record is challenged.

2. USURY: Notes in Excess of Debt. In an action in replevin for the recovery of personal property under a chattel mortgage given to secure a promissory note, the amount of which is the precise amount borrowed by the maker, where it is shown that at the time said note was given, another note for $50 was given to the agent of the payee, the whole transaction is usurious and void, and plaintiff cannot recover.

3. ———: ———: Effect of Tendering Back Such Note. A tender of the note for $50 to defendant by the agent of plaintiff after the institution of suit would not make the void transaction valid.

Appeal from St. Louis City Circuit Court.—*Hon. Charles C. Allen,* Judge.

REVERSED AND REMANDED (*with directions*).

*E. P. McCarthy* for appellant.

(1) Plaintiff's instruction given at the close of defendant's case was erroneous; and defendant's instructions Nos. 4 and 5 should have been given. Henry v. Bassett, 75 Mo. 89; Henry v. Bassett, 22 Mo. App. 667; Story, Partn. (6 Ed.), sec. 49; Campbell v. Dent, 54 Mo. 337. (2) The first instruction given for plaintiff at the end of the trial, even if correct as an abstract proposition of law, had no proper place in this case, as it does not fit the facts as shown by the evidence. Smith v. Mohr, 64 Mo. App. 43; Kreibohm v.

Yancey, 154 Mo. 86; Coleman v. Cole, 158 Mo. 260; Johnson v. Vette, 77 Mo. App. 566; Voorhis v. Staed, 53 Mo. App. 370; Coleman v. White, 69 Mo. App. 530; Keim v. Vette, 167 Mo. 389. (3) Plaintiff's second instruction was erroneously given, as not applicable to the facts in the case as shown by the evidence, even if abstractly correct. Shoe Co. v. Arnold, 82 Mo. App. 1; Cowgill v. Jones, 99 Mo. App. 390; Adams v. Moody, 91 Mo. 48. (4) Defendant's instruction Nos. 1 and 3 should have been given. The taint of usury having once attached cannot be wiped out by the act of one party alone, and the burden of proof of removal of the taint rests on him who asserts that it has been removed. Smith v. Mohr, 64 Mo. App. 43; Johnson v. Vette, 77 Mo. App. 566; Cowgill v. Jones, 99 Mo. App. 390; Kreibohm v. Yancey, 154 Mo. 75. (5) The court having given defendant's instruction No. 2 was bound, as the finder of the facts, to give judgment for defendant.

*Henry B. Davis* for respondent.

(1) Plaintiff's instruction given at the close of defendant's case was proper. (a) The court might have found from the evidence of plaintiff alone that there was no employment of defendant by plaintiff. (b) If defendant pleads payment then under his own evidence and the admission it would not cover the amount of plaintiff's claim and there is no complaint in the motion for a new trial, that the judgment showing plaintiff's interest in the property is excessive. (c) Appellant is estopped from urging that any debt was due from Sheridan to him. (2) The first instruction given for plaintiff is conceded by appellant to be correct as an abstract proposition of law. There was evidence by which the court was warranted in giving it. Such being the case this court will not interfere. Mook v. Tarr, 127 Mo. App. 311. (3) The second instruction given for plaintiff was correct. Shoe Co. v. Ar-

nold, 82 Mo. App. 1; Cowgill v. Jones, 99 Mo. App. 390. (4)   Instruction No. 4 was properly refused because this instruction treats the pleading of the defendant as a counterclaim.   At best it can only be considered as a plea of payment.   R. S. 1899, sec. 3851; R. S. 1899, sec. 605; Story v. Gibbons, 96 Mo. App. 218. (5) The court should have refused all of defendant's instructions as the evidence clearly shows he never paid anything nor was anything ever exacted of him. Shoe Co. v. Arnold, 96 Mo. App. 1.

REYNOLDS, P. J.—This is an action in replevin for personal property, originally brought before a justice of the peace, in which it is sought to recover property covered by a chattel mortgage, executed by defendant to secure a promissory note for $290.06, made by defendant, payable four months after date, with interest at 8 per cent. Defendant filed an answer before the justice, setting up a counterclaim and also claiming that the mortgage sued on is void because of usurious interest exacted.   On a judgment against him in the justice's court, defendant appealed to the circuit court, where, on a trial *de novo,* judgment was rendered against defendant and his surety on the appeal bond, for the debt, judgment also going against defendant on his counterclaim.   Defendant appeals.

It appeared by the evidence that when defendant borrowed $250, he gave his note, secured by chattel mortgage, for $300.   Two years afterwards that note was taken up and a new one given for $290.06, being $250 plus two years and a few days interest at 8 per cent.   This was secured by a new chattel mortgage on the same property.   Along with this note, a second note for $50 was also given.   It appears that this note was tendered to defendant by the holder, Mr. Davis, after this suit was instituted, but defendant refused to receive it, whereupon Mr. Davis left it on the desk in defendant's office.   This note was not secured by the

chattel mortgage, but grew out of the original transaction, and in fact represented the excess over and above the $250 borrowed and interest on it, and represents the amount of the usurious charge.

The trial court refused these instructions, asked by defendant:

"1. The court declares the law to be that if the court believes from the evidence that defendant, on or about the second day of December, 1902, borrowed from the plaintiff the sum of $250 and received from plaintiff the sum of $250 and no more, and that in consideration of such loan defendant on said date executed his promissory note for the sum of three hundred dollars, payable four months after date to the order of one Henry B. Davis, which note was secured by a chattel mortgage on the property sought to be recovered in this action, and that said sum of $300 was in excess of the amount due on said sum of $250 which was borrowed, with interest lawfully chargeable thereon, four months after the date of said note, and that said note was endorsed by said Davis and delivered to plaintiff at the time of the receipt by defendant of the said sum of two hundred and fifty dollars, and that said sum of two hundred and fifty dollars and no more was paid over by plaintiff to defendant on the date of said note, and that said Davis did not himself furnish said money to defendant, then the court will find that said transaction was usurious, and the mortgage then given was invalid.

"And if the court further believes from the evidence that the note secured by the mortgage on which this action is founded, together with another note bearing the same date for the sum of $50 payable to the order of Henry B. Davis, were executed and delivered by defendant in discharge and satisfaction of said former note for three hundred dollars with the interest thereon, then the court will find that said new note and the new mortgage given to secure the same were

usurious and the mortgage void and the plaintiff cannot recover in this action.

"3. The court declares the law under the evidence to be that the voluntary surrender or delivery by Henry B. Davis, in June, 1907, long after the institution of this action, without payment or other valuable consideration, of the note for $50 in evidence, which was of the same date and maturity as the note secured by the mortgage involved in this action, had no effect whatever on the usurious character of the transaction in which the two new notes and the mortgage in suit were given."

At the request of the plaintiff, the court gave these instructions:

"1. The court declares the law to be that if the plaintiff bought the original note secured by the original mortgage from the witness Davis, without notice and for value, then the purchase is not affected by the fact that he paid less therefor than the rate of discount allowed by the State of Missouri.

"2. The court declares the law to be that if the court finds from the facts that the original mortgage was tainted with usury, yet if the court finds that the second mortgage offered in evidence in this case by plaintiff was purged of such usury, then the fact that the original mortgage was so tainted cannot affect the validity of the second mortgage."

Exceptions were duly saved to the giving and refusal of instructions.

The case is here on short form, and an abstract submitted which is challenged. We might dispose of the case, if we chose to apply the rules with strictness, the entries being so run together as hardly to distinguish between matters of record proper and matters of exception. It is doubtful also whether the filing of a bill of exceptions in the case is properly shown. The mere recital by counsel that this and that was done, cannot supply the omission to set out orders of record

which this court must have before it when the record is challenged, as it is in this case. Without reflecting at all upon the veracity of counsel, there are certain matters connected with transcripts and records, which the rules of court and the statute require to be proven, not by the statement of counsel, but by the exhibition of the entry itself. As was said by the Supreme Court in Whiting v. Lead Co., 195 Mo. 509 l. c. 510, "The mere opinion of counsel as to what the record is, expressed in the statement of appellant's case, cannot be taken for an abstract," and the mere statement of counsel, in the abstract, that such and such an order was made, without setting out the order, is not very satisfactory when the sufficiency of the order is challenged.

We have concluded, however, that this abstract does show the proper signing and filing of the bill of exceptions, and that an appeal was duly taken, although that is also challenged on grounds which we confess we do not understand.

We therefore have before us the rulings and findings of the court, the evidence, the instructions and the exceptions. The finding against the counterclaim is supported by enough evidence to sustain it and we will not disturb that. We cannot agree that the action of the court in giving the instructions for plaintiff or in refusing the three asked by defendant, all here copied, is correct, and as the consideration of them disposes of the case it is not necessary to notice the other instructions or assigned errors. The instructions given at the instance of plaintiff should not have been given; they were against the evidence in the case; the three asked by the defendant should have been given. The testimony shows that the transaction, at its inception, was tainted with usury. Mr. Davis by his own testimony was merely acting for plaintiff. The act of Mr. Davis in trying to return the $50 note after the suit was brought, confessed the usurious character of the trans-

action and the effort to purge it did not affect that intent. Being a usurious transaction at its inception, it was void—not voidable, but absolutely void, and the chattel mortgage fell under the condemnation of the statute. [R. S. 1899, sec. 3710; Coleman v. Cole, 96 Mo. App. 22; Kreibohm v. Yancey, 154 Mo. 67, l. c. 83 to 86.] Void at inception, it was void throughout, and was beyond the curative power of any one. Restitution cannot make valid that which was void. On the statute and on the authotrity of the cases above cited, there can be no recovery by plaintiff in this action.

The judgment is reversed and cause remanded, with directions to the lower court to set aside the judgment heretofore entered and enter up judgment against defendant on his counterclaim and against plaintiff on his cause of action. All concur.