BEATRICE HOLMES, Respondent, v. JOSEPH B. SCHMELTZ, Appellant.

**Kansas City Court of Appeals, February 5, 1912.**

1. **USURY: Pledge: Conversion.** If an usurious loan is secured by the pledge of personal property, the pledge is void and may be recovered in replevin, or damages for conversion may be had.

2. ———: ———: ———. While usury does not render the debt void, and the latter may be recovered credited by the usury paid, yet the pledge or chattel mortgage securing the loan is void under the statute.

Appeal from Jackson Circuit Court.—*Hon. Sam Sparrow,* Special Judge.

AFFIRMED.

*John C. Tripp* for appellant.

*W. W. Calvin* and *E. H. Batson* for respondent.

ELLISON, J.—This action is for conversion of certain personal property. Plaintiff recovered judgment in the trial court for $375.

It appears that plaintiff borrowed different amounts of money of defendant at different times, upon which some payments were made. To secure the loans, plaintiff pledged to defendant certain articles of her jewelry; but there was evidence tending strongly to prove that usurious interest was exacted by defendant. There was also evidence, on the part of the defendant, tending to prove that he and plaintiff had a settlement whereby it was agreed he was to keep the property in settlement of the loan.

The latter issue was submitted to the jury in an instruction telling them to find against plaintiff if they believed such agreement was made, and we must ac-

cept the verdict as determining the fact for the plaintiff.

Defendant insists that even though he exacted usurious interest (which the verdict affirms he did) plaintiff should have tendered him the sum of the principal due him, less any usury. Now while it is true that usury in a civil action in this state will not prevent a recovery of the principal sum, credited by the usury (Coleman v. Cole, 158 Mo. 253; Adler v. Corl, 155 Mo. 149; Kreibohm v. Yancey, 154 Mo. 67), yet, if there is a pledge of personal property to secure the usurious debt, it is void (Sec. 7184, R. S. 1909). The property is wrongfully or illegally in the hands of the usurer and it may be taken from him in replevin. [Hilgert v. Levin, 72 Mo. App. 48.] The question in such case is not as to the validity of the debt, but of the legality of the pledge. If the pledge is void, then the possession of the pledgee, after demand and refusal, is wrongful, and the conversion becomes complete.

We have been cited to a number of authorities by defendant, but in the view here expressed they do not apply. Under the case made there was but one possible defense for defendant, and that was an adjustment and settlement of the trouble between the parties referred to above, and that was submitted to the jury by instruction asked by defendant.

The judgment is affirmed. All concur.