CENTRAL MISSOURI TRUST COMPANY, a Corporation, Respondent, v. FINETTIE SMITH, Executrix of the Estate of E. C. SMITH, Deceased, Appellant.

In the Kansas City Court of Appeals, January 29, 1923.

1. PLEDGES: Bills and Notes: Delivery of Note as Collateral Security for Another Note is a Pledge. The delivery of a note as collateral security for the payment of another note is a pledge.

Central Mo. Trust Co. v. Smith.

2. ——: Usury: Replevin: Pledge of Note to Secure Note Tainted with Usury Renders Pledge Void and the Note may be Replevined. Where pledge of note was to secure a note tainted with usury, the pledge was void under section 6496, Revised Statutes 1919, and the note may be replevined.

3. ——: ——: Title: Payee of Note Pledged as Collateral Security for Note Tainted with Usury May Replevin it as Pledgee Obtained no Interest in, Lien on, or Title to Note by Reason of Pledge. Payee of pledged note given as collateral security for note tainted with usury may replevin it from pledgee as pledgee obtained no interest in, lien upon, or title to the note by reason of the pledge.

4. ——: ——: ——: Foreclosure: Pledgee Holding Note Pledged as Collateral Security for Note Tainted with Usury Acquired no Title Thereto by Crediting Amount Thereof on Principal Note, Such Action Being Merely Foreclosure of Pledge. A bank which held a note pledged as collateral security for a note tainted with usury, the pledge thereof being invalid, did not acquire any rights thereunder or title to the note by crediting, after institution of suit, the amount thereof with interest on the principal note, such procedure being merely the foreclosure of the pledge.

5. ——: ——: ——: Liens: Estate of Maker of Note Pledged by Payee as Collateral Security for Note Tainted With Usury May Attack the Title of Pledgee in its Suit upon the Note. Where the estate of maker of a note pledged as collateral security by the payee for a note tainted with usury is sued thereon by pledgee, as the alleged owner thereof, by reason of it having credited the amount thereof with interest on the principal note, after serving on executrix notice required by section 185, Revised Statutes 1919, and filing demand in probate court, it can attack pledgee's title by raising the charge of usury, section 6496, Revised Statutes 1919, applying not only in actions for the enforcement of liens, but in any other case when the validity of such lien is drawn in question.

6. USURY: Statute Construed: Statute Intended to Prevent Usurious Practices Should be Liberaly Construed. Section 6496, Revised Statutes 1919, is intended to prevent usurious practices and should be liberally construed so as to suppress the mischief and advance the remedy.

7. ——: Title: Pledgee of Note Given as Collateral Security for Note Tainted with Usury Cannot Recover Thereon as Owner Where Foreclosure of Pledge was an Attempt to Evade Usury Statute. Where at time suit was instituted a bank to which a note was pledged to secure a note tainted with usury, held the note sued

on as pledgee and not as owner, but in an attempt to evade the usury statute foreclosed the pledge, the bank could not recover on the pledged note as the pledge was void and it had no title thereto.

8. ———: ———: Proceeding in Foreclosure of Void Pledge Held of no Effect and Gave Pledgee no Better Title Than Before All proceedings in the foreclosure of a void pledge amount to nothing and do not put pledgee in any better position or give it any better title than before.

Appeal from the Circuit court of Callaway County.— *Hon. D. H. Harris*, Judge.

REVERSED.

*Dumm & Cook* for respondent.

*Ira H. Lohman, David W. Peters* and *Baker & Baker* for appellant.

TRIMBLE, P. J.—This suit, originating in the probate court, is in the form of a demand against the estate of E. C. Smith, deceased, based on a promissory note for $2850, dated January 20, 1920, due sixty days after date purporting to be signed by E. C. Smith, payable to L. C. Smith and endorsed in blank by him (L. C. Smith is a son of E. C. Smith). After a judgment in plaintiff's favor, the case was appealed to the circuit court, and there tried *de novo* before a jury. Verdict and judgment was in plaintiff's favor, and the defendant has appealed.

The note forming the foundation of the demand was originally pledged by L. C. Smith, the payee, to plaintiff as collateral security on L. C. Smith's note to plaintiff for $2300 dated January 26, 1920, and was thereafter held by plaintiff as collateral security on it and various other notes of L. C. Smith which were finally merged into a note of $22,000 dated December 4, 1920, due thirty days after date, and the $2850 note sued on was then held as collateral security on the $22,000 note.

It appears from the evidence of plaintiff's own wit-

nesses that in addition to interest at eight per cent on the $2300 note, an additional charge of $23 was exacted; that charges over and above legal interest were made on the various other notes which, with the $2300 note, were afterward merged into the $22,000 note; and that when the $22,000 note was made, a further charge of $303.93 above legal interest was charged. So that usury tainted the $2300 note for which the note sued on was originally held as collateral, but the same taint was in the various notes which afterward went into the $22,000 note for which the note sued on was subsequently held as collateral, and said $22,000 note was also independently and otherwise affected with the same taint. One of the defenses raised, therefore, is that the pledge is void under section 6496, Revised Statutes 1919. This, of course, does not mean that the note itself is void, but that the *pledging* of the note and the rights created under that pledge are void.

There is no question but that the delivery of a promissory note as collateral security for the payment of the principal note is a pledge. [Winfrey v. Strother, 145 Mo. App. 115.] And, as the pledge was to secure a note tainted with usury, plaintiff obtained no rights whatever to the $2850 note thus pledged, as the pledge was void. [Western, etc., Co. v. Glasner, 169 Mo. 38; Holmes v. Schmeltz, 161 Mo. App. 470; Sheridan v. Post, 140 Mo. App. 96.] When the note in suit was thus pledged as collateral security for a note tained with usury, L. C. Smith, payee in the pledged note, by replevining it, could take the pledged note from plaintiff. [Smith v. Mohr, 64 Mo. App. 39.] Plaintiff obtained no interest in, lien upon, or title to, the note by reason of the pledge. [Keim v. Vette, 167 Mo. 389, 401-404.]

But the plaintiff says the above can have no application since the suit is not to enforce a pledge but is a straight suit upon the note itself by the plaintiff as the *owner* of the note. This claim is based upon the following facts:

After the demand herein had been exhibited to the

executrix by serving on her the notice required by section 185, Revised Statutes 1919, and after the demand had been filed in the probate court but before the trial therein, plaintiff credited the $22,000 note with the full amount of the principal and interest of said $2850 note, and thereafter claimed to hold said $2850 note as owner thereof.

But this was merely a *foreclosure* of the pledge and that, too, after this suit was instituted. If the pledge was invalid and no rights were derived by plaintiff therefrom, then none were acquired under the foreclosure, and plaintiff obtained *no title* to said note. And although the deceased E. C. Smith was not a party to the transaction, yet he, or his estate, is not a total stranger or an *intermeddler* wholly unaffected thereby. The estate is interested in the question of whether the plaintiff *has title* to the note, since, if that title is defective or is *no* title, the estate might be liable to be called upon to pay it to the true owner notwithstanding it has paid the plaintiff. Hence the estate can attack plaintiff's title by raising the charge of usury as destroying it. As said in Keim v. Vette, supra, p. 402, "The question here is one of title. The essential muniment in defendant's title (plaintiff's in this case) is the pledge of these notes. If that pledge rests upon usury, the statute declares it illegal and invalid, or, as we commonly express it, void." We do not think it can be said that as this is a suit directly on the note and not to enforce a pledge of it, the statute (sec. 9764) does not apply. The statute is broader than that. It applies not only "in actions for the enforcement of liens" but also "in *any other case* when the validity of such lien is drawn in question." The statute is intended to prevent usurious practices, and should be liberally construed so "as to suppress the mischief and advance the remedy." [Keim v. Vette, supra, l. c. 401.] Besides, at the time the suit was instituted the plaintiff was holding the note sued on *as pledgee* and not as owner. It has always been held that a cause of action must be in the plaintiff at the time suit is instituted, else no recovery can be had in that suit. It would seem,

moreover, that the subsequent foreclosure of the pledge was an attempt to evade the statute and avoid the troublesome charge of usury. Again, the right to foreclose depends solely on the validity of the pledge. If the contract of pledge is void all the term sof that contract are likewise void. The pledge being void,. all proceedings in foreclosure thereof amount to nothing and do not put plaintiff in any better position or give it any better title than before.

If the foregoing line of reasoning be correct it follows that the judgment should be reversed. It is therefore not necessary to discuss the question of forgery of deceased's name to the note or the other question presented as the admissibility of evidence.

The judgment is reversed. All concur.